# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. EDWARD STONE (#R42443), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 10 C 5964 ) ) |
| KEITH ANGLIN, Warden, Danville Correctional Center, | ) ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Edward Stone's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). For the following reasons, the Court denies Stone's habeas petition. Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

Stone does not present clear and convincing evidence challenging the statement of facts in the last state court decision to address his arguments on the merits, therefore, those facts are presumed correct for purposes of this habeas review. *See* 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo,* 590 F.3d 533, 537 (7th Cir. 2010). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court in *People v. Stone,* No. 1-06-0839 (Ill. App. Ct. June 4, 2007) (unpublished).

In August 2003, Stone was charged in the Circuit Court of Cook County with sexually assaulting his minor stepdaughter, A.K., under case numbers 03-CR-18115, 03-CR-18117, 03-

CR-18118, and 03-CR-18119. More specifically, in case number 18115, Stone was charged with criminal sexual assault against A.K. stemming from conduct between September 1, 2000, and July 5, 2003. In case number 18117, Stone was charged with aggravated criminal sexual assault against A.K. stemming from conduct between January 1992 and February 1995. Also, in case number 18118, Stone was charged with two counts of criminal sexual assault against A.K. stemming from conduct between July 6, 2003, and July 20, 2003. Finally, in case number 18119, Stone was charged with criminal sexual assault against A.K. stemming from conduct between July 25, 2000, and August 31, 2000. Stone moved to dismiss the indictments as time-barred, but the Circuit Court denied the motion in December 2003.

In March 2005, the Circuit Court conducted a plea hearing where Stone pleaded guilty to one count of predatory criminal sexual assault and four counts of criminal sexual assault. The Circuit Court then sentenced Stone to 15 years for case number 18115; 24 years for case number 18177; 15 years for count 1 and 9 years for count 2 in case number 18118; and 15 years for case number 18119. The sentences were to run concurrently except for the two counts in case 18118, which were to run consecutively. In sum, the Circuit Court sentenced Stone to a total of 24 years imprisonment. Thereafter, Stone filed a post-judgment motion to clarify his sentences and to withdraw his guilty pleas that the Circuit Court denied. *See* 735 ILCS 5/2-1401.

Stone appealed his convictions to the Illinois Appellate Court raising the following claims: (1) the Circuit Court erred in refusing to dismiss the indictments in case numbers 18117 and 18119 because the prosecutions were barred by the statute of limitations, the indictments did not allege any extension of the limitations period, and the indictment for case number 18119 did not allege a specific date for the alleged conduct; (2) the prosecution in case number 18117 was

barred by the statute of limitations; and (3) the Circuit Court erred in refusing to allow Stone to withdraw his guilty pleas because he never stipulated to the use of force and the State made false statements during the plea hearing. On June 4, 2007, the Illinois Appellate Court affirmed Stone's convictions. Stone then filed a petition for leave to appeal ("PLA") to the Supreme Court of Illinois arguing that he was entitled to good conduct credit for his prison sentences. On September 30, 2009, the Supreme Court of Illinois denied his PLA.

Stone did not file a petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. Stone's time to file his post-conviction petition has run, and thus he has exhausted his habeas claims. *See* 725 ILCS 5/122-1(c); *Smith v. Battaglia,* 415 F.3d 649, 651 (7th Cir. 2005).

On September 20, 2010, Stone filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Stone's habeas claims include: (1) the Circuit Court violated his due process rights by convicting him of aggravated criminal sexual assault in case number 18117 because the prosecution was barred by the statute of limitations; (2) the Circuit Court violated his due process rights by denying his motion to dismiss the indictments in case numbers 18117 and 18119 because (a) the prosecutions were barred by the statute of limitations, (b) the indictments did not allege any extension of the limitations period, and (c) the indictment for case number 18119 did not allege a specific date for the alleged conduct; and (3) the Circuit Court violated his due process rights by denying his motion to withdraw his guilty plea because he did not admit to the use of force and the State made false statements at his plea hearing.

3

# LEGAL STANDARDS

## I. Habeas Standard

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Finnan,* 598 F.3d 416, 421 (7th Cir. 2010). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405; *see also Brown,* 598 F.3d at 421-22.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See Williams,* 529 U.S. at 407; *Brown,* 598 F.3d at 422. "A state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable.'" *Bennett v. Gaetz,* 592 F.3d 786, 790 (7th Cir. 2010) (citation omitted); *see also Williams*, 529 U.S. at 410 ("*unreasonable* application of federal law is different from an *incorrect* application of federal law") (emphasis in original); *Wood v. Allen,* 130 S.Ct. 841, 849 (2010) (state court's factual finding not unreasonable "merely

because the federal habeas court would have reached a different conclusion in the first instance."). To be considered objectively unreasonable, a state court's decision must be "well outside the boundaries of permissible differences of opinion." *Bennett,* 592 F.3d at 790 (citation omitted). Put differently, to be reasonable, a state court's decision must be "at least minimally consistent with the facts and circumstances" of the case. *Williams v. Thurmer,* 561 F.3d 740, 746 (7th Cir. 2009).

## II. Exhaustion and Procedural Default

Before bringing a habeas claim in federal court, a habeas petitioner must exhaust all remedies available to him in state court. *See Gonzales v. Mize,* 565 F.3d 373, 380 (7th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). In particular, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009). "A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted). Procedural default precludes federal court review of a petitioner's habeas claims. *See Johnson v. Pollard,* 559 F.3d 746, 752 (7th Cir. 2009).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as

5

"some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see also Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Smith,* 598 F.3d at 387-88.

## ANALYSIS

### I. Procedural Default

Stone has procedurally defaulted all of his habeas claims because he did not present them in his PLA to the Supreme Court of Illinois, and therefore, the Court is barred from collaterally reviewing his claims. *See Johnson,* 559 F.3d at 752. Specifically, "[a] procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett,* 542 F.3d at 1192. Each level of state court review includes the Supreme Court of Illinois' discretionary review on a PLA. *See Boerckel,* 526 U.S. 845-46; *Smith,* 598 F.3d at 383.

In his PLA to the Supreme Court of Illinois, Stone argued that he was entitled to good conduct credit in case number 03-CR-18117, that he was entitled to 601 days timed served based on his pre-sentencing custody, and that he was entitled to good conduct credit in case numbers 03-CR-18115, 03-CR-18118, and 03-CR-18119. As such, Stone did not present his federal claims to each level of state court review.

Meanwhile, Stone fails to argue that an exception applies to his procedurally defaulted claims – such as cause and prejudice or that a fundamental miscarriage of just would occur if the

6

Court did not consider the merits of his habeas claims. *See House*, 547 U.S. at 536; *Coleman,* 501 U.S. at 750. In addition, any argument that Stone's procedural default is excepted by his counsel's ineffective assistance would fail because Stone was required to present this claim of ineffective assistance of counsel to the Illinois courts as an independent claim before using it to establish cause for his procedural default in the present habeas proceeding. *See Murray,* 477 U.S. at 489; *Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009). Even if Stone had presented his ineffective assistance of counsel claims to the Illinois courts, any claim that the attorney who filed his PLA was constitutionally ineffective fails because "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals." *Wainwright v. Torna*, 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further.").

Because Stone procedurally defaulted his habeas claims and has failed to establish an exception to his default, the Court denies Stone's habeas petition in its entirety. *See Williams v. Buss,* 538 F.3d 683, 686 (7th Cir. 2008) ("an unexcused procedural default ends the case").

## II.    Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Stone a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v.*

7

*Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Stone must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, Stone has failed to demonstrate that jurists of reason would find it debatable that the Court was incorrect in its procedural ruling, namely, that Stone procedurally defaulted his claims. *See Slack,* 529 U.S. at 485. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Stone's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Also, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: November 15, 2010

**ENTERED**

**AMY J. ST. EVE**
**United States District Judge**